# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD BRIMM SR.,**<br><br>       Petitioner,<br>   vs.<br><br>**RODERICK Q. HICKMAN, Secretary of California Department of Corrections and Rehabilitation,**<br><br>       Respondent. | CIVIL NO. 05cv2182 IEG (WMc)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

   This Report and Recommendation is submitted to United States District Judge Irma E. Gonzalez, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

   On November 23, 2005, Ronald Brimm Sr. (hereinafter "Petitioner"); a state prison inmate proceeding *pro se* and *in forma pauperis*, filed a petition for a Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to Title 28 of the United States Code § 2254. Respondent filed an an Answer ("Ans.") to the Petition, accompanied by a Memorandum of Points and Authorities in Support ("Ans.Mem"), and lodged portions of the state court record with the Court ("Lodgements"). On March 24, 2006, Petitioner filed a document entitled Support of Motion Under 28 U.S.C. § 2254. This document shall be construed as Petitioner's Traverse ("Trav.") to the Answer.

   Based upon a review of the documents presently before the Court and for the reasons stated

below, it is **RECOMMENDED** that the Petition be **DENIED**.

## I. UNDERLYING FACTS

Petitioner contends that his rights to due process and equal protection, as guaranteed by the Fourteenth Amendment to the United States Constitution, were violated in connection to a prison disciplinary hearing. The hearing was held after Petitioner had been charged with battery on an inmate with serious bodily injury (Lodgement No. 2 at 4) on September 3, 2003.

According to a report prepared by Correctional Officer R. Kim, on September 2, 2003, Inmate D. Coleman reported to the facility clinic for medical evaluation and treatment. The medical technician found that Inmate Coleman had a broken jaw and referred him for further evaluation. While being examined by Dr. Choo and Nurse Gonzalez, "Inmate Coleman stated that he was hit in the left jaw twice by a metal pipe." (Lodgement No. 2 at 2.) Inmate Coleman did not identify his assailant and an investigation was started. Inmate Coleman was transported to Alvarado Hospital for treatment. (Lodgement No. 2 at 2.)

On September 3, 2003, it was determined that Petitioner had assaulted Inmate Coleman by striking him in the face "while they were in the area of the PIA Bakery back dock." (Lodgement No. 2 at 4.) Specifically RJD officials learned that Petitioner had hit Inmate Coleman in the jaw with a metal pipe after hearing that Inmate Coleman had told others Petitioner was a homosexual. (Lodgement No. 2 at 11.) RJD officials issued a CDC-115 Serious Rules Violation Report against Petitioner, charging him with "battery on another inmate with serious bodily injury." (Cal. Code Regs., tit. 15, § 3005, subd. (c); Lodgement 2 at 13.)

A disciplinary hearing was commenced on October 10, 2003, where Petitioner was found guilty of battery on another inmate with serious bodily injury a Division A-1 Offense. (Lodgement 3 at 13-14.) The finding was based upon a preponderance of the evidence submitted at the disciplinary hearing. The evidence presented at the hearing included the disciplinary report, Petitioner's admission that he was fighting with Inmate Coleman, Inmate Coleman's injury and, witness' statements in the Investigative Employee's report that witnesses saw Petitioner hitting Inmate Coleman. (Lodgement 4 at 29.)

As a result of the disciplinary finding of guilt, petitioner lost 360 days of behavior credits

and 90 days of privileges.  By decision of the Chief Deputy Warden, the incident was not referred to the District Attorney for possible prosecution. (Lodgement 2 at 12.)  Petitioner properly followed the grievance procedure with the California Department of Corrections and appealed the disciplinary finding at each of the three levels of review. (Lodgement  4 at 30-31.) Review was denied at each of these levels. Further, Petitioner has submitted petitions for writ of habeas corpus challenging the disciplinary finding in California's Court of Appeal, and Supreme Court. (Lodgement 5 at 32-38.) The state court proceedings were completed on June 29, 2005, when the California Supreme Court denied Petitioner's petition on the merits, thereby exhausting Petitioner's state remedies. (Lodgement 8 at 94.)  On November 23, 2005, Petitioner filed the instant Petition challenging the October 2003 disciplinary action.

## II.  PETITIONER'S CLAIMS

Petitioner asserts one claim for relief.  He contends his Constitutional due process and equal protection rights were violated because he was wrongly convicted in a prison disciplinary hearing.  Specifically, Petitioner argues that the hearing officer erred in finding him guilty of battery with serious bodily injury "when the investigation information mandated that the charge of specific acts be reduced to mutual combat. . . ."  (Pet. at 6B.)

## III.  STANDARD OF REVIEW

The provisions of the AEDPA apply to habeas petitioners challenging a prison disciplinary conviction. *See Shelby v. Bartlett*, 391 F. 3d 1061, 1063 (9th Cir. 2004).  Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> **(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody** *in violation of the Constitution or laws or treaties of the United States.*

28 U.S.C.A. § 2254(a) (West 1994) (*emphasis added*).

Because this Petition was filed after 1996, this Petition is governed by the provisions of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under 28 U.S.C. § 2254(d), as amended by AEDPA:

> **(d)  An application for a writ of habeas corpus on behalf of a person in**

> **custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—**
>
> **(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or**
>
> **(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.**

28 U.S.C.A. § 2254(d) (West Supp. 2005).

A state court's decision may be "contrary to" clearly established U.S. Supreme Court precedent: (1) "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases" or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  A state court decision may involve an "unreasonable application" of clearly established federal law, "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407.  Alternatively, an unreasonable application may be found, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.*

"[A] federal habeas court may not issue the [habeas] writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. . . . Rather, that application must be objectively unreasonable." *Lockyer v. Andrade,* 538 U.S. 63, 75-76 (2003) (internal quotation marks and citations omitted).  Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *Williams,* 529 U.S. at 412.

Finally, habeas relief is also available if the state court's adjudication of a claim, "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court." 28 U.S.C.A. § 2254(d)(2) (West Supp. 2005).  In order to satisfy this provision, Petitioner must demonstrate that the factual finding upon which the state court's

1  adjudication of his claim rests, assuming it rests on a factual determination, is unreasonable.
2  *Torres v. Prunty,* 223 F.3d 1103, 1108 (9th Cir. 2000).

3  Where there is no reasoned decision from the state's highest court, the Court "looks
4  through" to the last reasoned state-court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06
5  (1991); *Van Lynn v. Farmon*, 347 F.3d 735 (9th Cir. 2003).  However, if the dispositive state court
6  order does not "furnish a basis for its reasoning," the federal court considering the habeas petition
7  must conduct an independent review of the record to determine whether the state court
8  unreasonably applied controlling federal law.  *Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.
9  2000).  In *Delgado*, the court articulated that, "[o]nly by that examination may we determine
10 whether the state court's decision was objectively reasonable." *Id.  Delgado* does not, however,
11 determine which prong of § 2254(d)(1) ("contrary to" or "unreasonable application of" clearly
12 established federal law) applies to such cases.

13 In this case, because the California Supreme Court denied Petitioner's claim without
14 comment or citation to authority, this Court shall look to the state appellate court's decision.

15 **IV.  DISCUSSION**

16 For the following reasons, the Court finds that Petitioner is not entitled to habeas relief as
17 to any claim presented in the Petition.  The Court, therefore, recommends that Petitioner's
18 application for writ of habeas corpus be denied.

19 <u>1. Petitioner is not entitled to habeas relief on the basis of a due process violation</u>

20 Petitioner argues he was erroneously charged with violating Title 15 C.C.R. 3005(c), which
21 states in pertinent part, "Inmates shall not willfully commit or assist another person in the
22 commission of a violent injury to any person . . . ." California Code of Regulations, Title 15, §
23 3005(c).  Specifically, Petitioner contends that the incident in question was mutual combat where
24 both he and the victim assaulted each other. "If both inmates or group of inmates agree to fight and
25 there is no clear aggressor, the specific act on the C.D.C. Form 115 should be mutual combat
26 regardless of how many inmates are involved or the extent of the injuries." (Pet. at 6-6A.)

27 Respondent contends Petitioner's claim is not cognizable under 28 U.S.C. § 2254.
28 Specifically, Respondent argues that "Petitioner is essentially challenging an interpretation of state

1  regulations"and that he is not entitled to federal review simply because he "repackages" his state

2  law claims as federal due process errors. (Resp. at 4.)

3        The state appellate court denied Petitioner's claim for habeas relief in an order which stated

4  in full:

> **Petitioner Ronald Brim was involved in a fight with another inmate and broke the inmate's jaw. He was subsequently found guilty of battery on an inmate resulting in serious bodily injury. (Cal Code Regs., tit. 15 § 3005, subd. c).) Among other actions, he was assessed 360 days of good behavior credits for the violation.**
>     **Brim claims the disciplinary findings should be vacated and his good behavior credits reinstated because: (1) the evidence shows the incident was mutual combat, not battery; (2) the evidence was incomplete because no medical report was done to determine if Brim suffered any injuries; and (3) the evidence relied upon by the prison officials was false. Consequently, Brim claims he was denied due process and equal protection.**
>     **Preliminarily, we note that Brim has not shown he has exhausted his administrative remedies in this matter.[1] In addition, a reviewing court will uphold the disciplinary findings of prison officials as long as there is some evidence to support the findings and the officials did not act without information, fraudulently, or on mere personal caprice. (Superintendent v Hill (1985) 472 U.S. 445, 455-456; In re Spence (1974) 36 Cal. App.3d 636, 640). The record provided by Brim indicates there is some evidence in the form of witness statements and investigative reports to support the disciplinary findings. Conversely, there is nothing in the record to indicate the prison officials acted without information, fraudulently, or on mere personal caprice. [¶] The petition is denied.**

(Lodgment No. 6.)

In its ruling the state appellate court cited *Superintendent v. Hill* (1985) 472 U.S. 445, 455-456.

The passage in *Hill* referred to provides:

> **We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary beard to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . ." United States ex re. Vajtauer v. Commissioner of Immigration, 273 U.S., at 106, 47 S.Ct. at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.**

*Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

Thus, in order for Petitioner to be entitled to habeas relief on his due process claim, he must

---

[1] The state appellate court noted that Petitioner had not shown that he had exhausted his administrative remedies in this matter. After reviewing all the documents, this Court finds that Petitioner's administrative remedies were sufficiently exhausted through a second level review and a director's level appeal.

show that the state court's finding pursuant to *Hill* of "some evidence" was either objectively unreasonable or was based on an unreasonable determination of the facts in light of the evidence presented.

Petitioner has failed to demonstrate that the state court opinion was based on an unreasonable determination of the facts within the meaning of § 2254(d)(2) because he has not rebutted the presumption of correctness afforded the factual findings made by the state court. The state court reviewed the evidence presented at the prison disciplinary hearing and upheld the findings in accordance with the standards set forth in *Hill*, *supra*. Although Petitioner appears to argue that an act of mutual combat is an exception to a charge under 15 C.C.R. § 3005(c), nothing in that regulation precludes a charge under this section when mutual combat is alleged. As noted at the prison disciplinary hearing, Petitioner admitted he was involved in a fight with the victim and hit the victim in the jaw. Witnesses stated that they saw Petitioner and the victim fighting. The victim, Inmate Coleman, sustained a broken jaw as a result of Petitioner hitting him. The hearing officer relied on these facts in finding Petitioner guilty by a preponderance of the evidence. (Lodgement 3 at 14.) As stated previously, there is nothing in § 3005(c) that precludes a finding of guilt if the defense of mutual combat is asserted.

Accordingly, because the record "indicates there is some evidence. . . to support the disciplinary findings" (Lodgment 6 at 2) the state court's adjudication of Petitioner's due process claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law. Petitioner is not entitled to habeas relief. Therefore, it is recommended that Petitioner's claim on this ground be **DENIED**.

2. Petitioner is not entitled to habeas relief on the basis of an equal protection violation

Petitioner's claim that his Fourteenth Amendment right to equal protection was violated as a result of the findings made at the disciplinary hearing is also not entitled to federal habeas relief.

To assert a claim under the Equal Protection Clause of the Fourteenth Amendment, Petitioner must show that he was similarly situated to other prisoners who received preferential treatment. *See Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993); *McQueary v. Blodgett*, 924 F.2d 829, 834-35 & n.6 (9th Cir. 1991). When a statutory provision regarding a rule of

1  conduct, such as the one at issue here, does not disadvantage a suspect class, the court applies a
2  rational basis test to determine whether the provision is discriminatory. *McGinnis v. Royster*, 410
3  U.S. 263, 270 (1973); *Giannini v. Real*, 911 F.2d 354, 358 (9th Cir. 1990). Petitioner has not
4  identified himself as a member of a suspect class, (*see Harris v. McRae*, 448 U.S. 297 (1980)
5  (prisoners are not a suspect class)), has not alleged that he was treated differently than other
6  persons in his situation, and has not shown that California's prison disciplinary scheme is
7  irrational.
8      Accordingly, Petitioner is not entitled to habeas relief on the basis of the equal protection
9  aspect of his claim. Therefore, it is recommended that Petitioner's claim on this ground be
10 **DENIED**.

**V. CONCLUSION AND RECOMMENDATION**

12     For the foregoing reasons, the Court **RECOMMENDS** that the Petition be **DENIED** with
13 prejudice. This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1) to the
14 United States District Judge assigned to this case.
15     **IT IS ORDERED** that no later than **, <u>February 22, 2007</u>,** any party to this action may file
16 written objections with the Court and serve a copy on all parties. The document should be
17 captioned "Objections to Report and Recommendation."
18     **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court
19 and served on all parties no later than **, <u>March 8, 2007</u>**. The parties are advised that failure to file
20 objections within the specified time may waive the right to raise those objections on appeal of the
21 Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
22     **IT IS SO ORDERED**.
23 DATED: January 18, 2007

                                                             Hon. William McCurine, Jr.
                                                              U.S. Magistrate Judge
                                                              United States District Court

cc: Honorable Irma E. Gonzalez
    U.S. District Judge

    All Counsel and Parties of Record

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28